The Honorable Denny Altes The Honorable Jim Holt State Senators c/o Senate Constituency Services State Capitol, Room 205 Little Rock, AR 72201
Dear Senators Altes and Holt:
You have requested my opinion regarding an amendment to House Bill 1525 of the current legislative session. This bill would enact the "Access to Postsecondary Education Act of 2005." You have asked whether HB 1525, as amended, violates any applicable federal law or constitutional provision.
RESPONSE
I previously opined that a former version of HB 1525 presented two legal problems: (1) possible conflict with a federal statute and (2) possible violation of the United States Constitution. It is my opinion that the amended bill adequately addresses the constitutional question but that the potential conflict with the federal statute remains if a court views the high school requirements as tantamount to residence. See Op. Att'y Gen. 2005-054 (issued to Senator Holt on March 10, 2005).
Amendment No. 2 to HB 1525 substitutes language for subsection (b) of the bill as originally introduced.[1] The subsection now provides:
 Any tuition rate that is granted to residents of Arkansas shall be granted on the same terms to all persons, regardless of immigration status, who have attended a secondary educational institution in Arkansas for at least three (3) years and who have either graduated from an Arkansas high school or received a general education diploma in the state. [Emphasis added.]
First, it is my opinion that the amendment adequately resolves the issue of possible violation of the Equal Protection Clause of the United States Constitution. Both undocumented aliens and U.S. citizens who meet the requirements of attending high school in Arkansas can obtain resident tuition rates and eligibility for scholarships through HB 1525 on the same basis, following the amendment. Because there is no unequal or disparate treatment based on alienage and both groups or classes are treated equally, there is no denial of equal protection. Accordingly, it is my opinion that the amended bill would withstand scrutiny under theFourteenth Amendment to the U.S. Constitution.
Second, however, the amended bill may still run afoul of the federal statute, 8 U.S.C. § 1623. As I indicated in Opinion No. 2005-054, this U.S. Code section is of relatively recent origin. It was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. It provides:
 Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.
8 U.S.C. § 1623 (1999) (emphasis added).
As I stated in my previous opinion, this statute clearly prohibits "an alien who is not lawfully present in the United States" from receiving a post secondary education benefit "on the basis of residence within a State[,]" unless a citizen or national of the United States is eligible for the benefit without regard to such residence.
The amended bill would still run afoul of the federal law if a court determined that by providing a benefit on the basis of attending secondary school in Arkansas for three years the bill was merely using school attendance as a proxy for a residence requirement. If a court found that school attendance was indeed a de facto residence requirement, then HB 1525 as amended would violate 8 U.S.C. § 1623.
As I noted in my previous opinion, there is yet no definitive court interpretation of 8 U.S.C. § 1623. But, as I also noted, a Kansas statute similar to HB 1525 has been alleged to violate that federal statute and the court challenge is still pending.[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB: EAW/cyh
[1] Subsection (b) formerly stated:
 A student without documented immigration status shall be exempt from paying the nonresident portion of total tuition for attendance at a state-supported institution of higher education, if the student:
 (1) Attended high school in Arkansas for no fewer than three (3) school years;
 (2) Graduated from a high school in Arkansas or received a General Education Development diploma in the state; and
(3) Is or has been admitted at an institution of higher education.
[2] Day, et al. v. Sebelius, et al., No. 04-4085-JAR (D. Kansas, filed July 19, 2004).